UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ASCENSION YPINA, | ) |
| *Plaintiff,* | ) ) ) |
| v. | ) ) |
| MIKE POMPEO, Secretary of State, UNITED STATES OF AMERICA, | ) ) ) )   CA: |
| *Respondents* | ) |

**ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT**

**I. INTRODUCTION**

COMES NOW, Ascension Ypina, and files this, his Complaint for Declaratory Judgment, seeking review of an adverse agency action revoking his United States Passport.

**II. JURISDICTION AND VENUE**

1. Jurisdiction lies under 28 U.S.C. §1331 (federal question); 28 U.S.C. §1346(a)(2) (actions against officers of the United States); 28 U.S.C. §§2201-2202 (Declaratory Judgment Act), in conjunction with 8 U.S.C. §1503 (denial of rights and privileges as a U.S. Citizen).

2. Venue is proper with this Court, under 28 U.S.C. §1391(e), because the Respondents are employees or officers of the United States, acting in their official capacity, and an agency of United States; because a substantial part of events or omissions giving rise to this claim occurred in the Southern District of Texas as Plaintiff had his U.S. passport revoked in Texas; and because Plaintiff resides in the Southern District and there is no real property involved in this action.

**III. EXHAUSTION OF REMEDIES**

3. Plaintiff has exhausted all administrative remedies. However, the claim to citizenship need not

be exhausted.  As the Ninth Circuit explained: "If the government's argument that exhaustion is required were correct, it would be possible to unintentionally relinquish U.S. citizenship.  The Constitution does not permit American Citizenship to be so easily shed." *Minasyan v. Gonzalez,* 401 F.3d 1069, 1075 (9th Cir. 2005).

## IV. PARTIES

4.     Plaintiff, Ascension Ypina is a United States Citizen, born in Bayview, Texas and who currently resides in Houston, Texas.

5.     Respondent, Mike Pompeo, is the duly appointed Secretary of State of the United States.  He is the head of the Department of State and is responsible for setting and overseeing proper implementation of the policies and procedures employed by the Department of State and all its various subdivisions, including the Passport Services Directorate and the Bureau of Consular Affairs.

6.     The United States of America is also a named Respondent.

7.     All Defendants are sued in their official capacity only.

## V. THE FACTS

8.     In 1946, Plaintiff's mother, Paula Puenta Cerda travelled from Mexico to Bayview, Texas in order to work. She was pregnant at the time with Plaintiff. During her visit, her water broke. (*See* Exhibit 1: Affidavit of Paula Puenta Cerda).

9.     On June 2, 1946, Plaintiff's mother gave birth to the Plaintiff, Ascension Ypina. The birth occurred in Bayview, Texas in the county of Cameron. (See Exhibit 2: Birth Certificate)

10.    Approximately 90 days later she returned to Mexico. (*See* Exhibit 1: Affidavit of Paula Puenta Cerda).

11.    Mr. Ypina resided in Mexico for approximately the first 39 years of his life. It was in the year 1985 that Mr. Ypina decided to return to the United States. (*See* Exhibit 3: Affidavit of Ascension Ypina).

12. In 2007, Mr. Ypina applied for his U.S. Passport. When his Passport expired in March 2017 he applied once more. On May 10, 2017, the Department of State issued a letter requesting further evidence of Mr. Ypina's identity. (*See* Exhibit 4: May 10, 2017 Letter requesting further evidence).

13. In response to this request, Mr. Ypina complied and submitted a response which included his Birth Certificate, Certificate of Baptism, and affidavits which corroborated that Mr. Ypina was born in Bayview, Texas. This was done in spite of the fact that Mr. Ypina was born in 1946 and records from around his time of birth are difficult to acquire. (*See* Exhibit 5: July 18, 2017 Response to request for evidence).

14. Mr. Ypina then received a second letter requesting further evidence on August 4, 2017. (*See* Exhibit 6: August 4, 2017 Second letter requesting further evidence).

15. Mr. Ypina once again complied with the Department's request and submitted a letter which included both a DS-5513 Supplemental Questionaire as well as an affidavit from his elderly mother. (*See* Exhibit 7: October 27, 2017 Response to second request for evidence).

16. Plaintiff's Passport Application was denied on November 14, 2017. (*See* Exhibit 8: Department of State Rejection Letter).

17. The State Department's basis for revoking the passport is that Plaintiff's Birth Certificate was registered one year after his birth. (*See* Exhibit 8: Department of State Rejection Letter).

18. It is the Plaintiff's contention that the State Department has wrongfully denied his Passport when in fact he was born in the United States in the city of Bayview, Texas on November 1, 1981. In denying his Passport they have unlawfully restricted his right to travel.

## VI. CAUSES OF ACTION

### A. DECLARATORY JUDGMENT

19. Plaintiff incorporates paragraphs 1-18 above.

20. Plaintiff has been denied rights and privileges claimed as a national of the United States, within

the meaning of 8 U.S.C. §1503, by virtue of the revocation of his United States passport, and consequent inability to travel freely, as well as casting doubt on his right to remain in the United States, and his right to work.

21.     8 U.S.C. §1503(a) states as follows:

If any person who is within the United States claims a right or privilege as a national of the United States and is denied such right or privilege by any department or independent agency, or official thereof, upon the ground that he is not a national of the United States, such person may institute an action under the provisions of section 2201 of title 28 against the head of such department or independent agency for a judgment declaring him to be a national of the United States, except that no such action may be instituted in any case if the issue of such person's status as a national of the United States (1) arose by reason of, or in connection with any removal proceeding under the provisions of this chapter or any other act, or (2) is in issue in any such removal proceeding. An action under this subsection may be instituted only within five years after the final administrative denial of such right or privilege and shall be filed in the district court of the United States for the district in which such person resides or claims a residence, and jurisdiction over such officials in such cases is conferred upon those courts.

22.     In this case Mr. Ypina's passport was revoked on November 14, 2017 meaning that this suit is not time-barred since it falls within five years of the final administrative denial of his passport. Additionally, Mr. Ypina remains in the country as a contributing member of society and is not in removal proceedings. Therefore he has standing to bring this suit.

23.     Based on the evidence supplied, Mr Ypina demonstrates that he is a United States Citizen because he was born here in Bayview, Texas. He has testamentary evidence that demonstrates by a preponderance of the evidence that he is a United States national.

24.     In light of these facts, Defendant's revocation of Mr. Ypina's Passport is an unlawful denial of his right to travel.

25. Therefore, Plaintiff is entitled to bring a declaratory judgment action declaring that he is, indeed, a United States citizen, under 28 U.S.C. §2201-2202.

## VII. PRAYER FOR RELIEF

WHEREFORE, it is respectfully requested that this Honorable Court grant the following relief:

(1) Assume jurisdiction over this matter; and

(2) Grant a Declaratory Judgment, declaring Plaintiff, Christian Ivan Jimenez to be a U.S. citizen.

(3) Award reasonable attorney fees and costs pursuant to the Equal Access to Justice Act; and

(4) Grant such other and further relief as the Court may consider appropriate.

Respectfully submitted,

   /s/ Manuel Solis   
Manuel Solis Law Firm
Attorney-in-charge
6657 Navigation Blvd.
Houston, Texas 77011
(713) 844-2997
(713) 921-7503 (fax)
email: maalejan@manuelsolis.com
Federal ID. 36113
Texas Bar 18826790